```
                    UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF RHODE ISLAND
```

_____
                                   )
SEAN MURPHY,                       )
                                   )
          Plaintiff,               )
                                   )
     v.                            )    C.A. No. 14-203 S
                                   )
CENTRAL FALLS DETENTION            )
FACILITY CORPORATION, et al.,      )
                                   )
          Defendants.              )
_____)

## ORDER

WILLIAM E. SMITH, Chief Judge.

On December 16, 2014, United States Magistrate Judge Patricia A. Sullivan issued a Report and Recommendation ("R&R," ECF No. 47) recommending that the remaining Defendants' motions to dismiss Plaintiff Sean Murphy's Amended Complaint (ECF Nos. 3 and 34) be granted.[1]  Plaintiff is suing two groups of defendants, currently consisting of: (1) Central Falls Detention Facility Corporation ("CFDFC"), which operates the Donald W. Wyatt Detention Facility in Rhode Island (the "Wyatt"), the Wyatt's Warden, Brian K. Murphy, and unknown CFDFC employees (collectively, the "Wyatt Defendants"); and (2) the United States Marshals Service ("USMS"), Deputy Marshal Andrew

---

[1] Plaintiff's claims against Defendants AVCORR Management, LLC, and Anthony Ventetuolo, Jr., have been dismissed.

Shadwick, unknown Deputy Marshals, and the United States[2] (collectively, the "Federal Defendants"). Plaintiff objects to the dismissal of his negligence claims and his claims under Massachusetts General Laws Chapter 93A against the Wyatt Defendants, and to the dismissal of his claims of retaliation and constitutional violations against Defendant Shadwick (ECF No. 48).[3] The Court adopts all aspects of the R&R to which no objection has been filed, and accepts the recommendations to which Plaintiff has objected for the reasons discussed below.

Judge Sullivan properly found that Plaintiff's negligence count against the Wyatt Defendants lacks sufficient factual allegations. Plaintiff asserts that the Wyatt Defendants were negligent in delaying his return to Bristol County Jail in Massachusetts. Plaintiff claims in his Amended Complaint (ECF No. 46) and his objection that the Wyatt Defendants breached their duty under the writ of habeas corpus ad prosequendum governing his transfer from the Wyatt to Bristol County Jail to

---

[2] The United States filed an unopposed motion to substitute itself for USMS, Deputy Marshal Shadwick, and the unknown Marshals as to claims brought under the Federal Tort Claims Act, which was granted.

[3] Plaintiff also objects to the term "robbery" in the R&R as it is used to describe his prior criminal offenses, but makes no substantive argument based on this objection. The R&R's use of this term was descriptive and not technical, and has no bearing on Judge Sullivan's recommendations or this Order.

return him without undue delay. As Judge Sullivan points out, however, Plaintiff does not identify any fact supporting his assertion that the delay resulted from negligence. Thus, Plaintiff's negligence claim against the Wyatt Defendants fails.

Plaintiff's claims against the Wyatt Defendants under Massachusetts General Laws Chapter 93A for unfair or deceptive trade practices are likewise without merit. First and foremost, as Judge Sullivan points out, while Plaintiff claims that the Wyatt Defendants defrauded USMS, Plaintiff does not allege that he was the victim of any fraud himself. Similarly, Plaintiff does not allege that he was a consumer injured by an act involving commerce, a prerequisite to standing under Chapter 93A § 9.[4] Mass. Gen. Laws ch. 93A § 9; Hershenow v. Enter. Rent-A-Car Co. of Boston, Inc., 840 N.E.2d 526, 528 (Mass. 2006). Thus, Plaintiff has no standing to sue under Chapter 93A, and Plaintiff's 93A claim against the Wyatt defendants fails.[5]

---

[4] Although Plaintiff did not specify in his complaint under which section of Chapter 93A he brought claims, his objection clarified that his allegations were based on § 9.

[5] Judge Sullivan points to additional defects in Plaintiff's complaint, including Plaintiff's failure to plead that he sent a 93A demand letter, or that the transactions at issue occurred within Massachusetts. In light of Plaintiff's lack of standing, these issues need not be addressed.

Plaintiff objects to the dismissal of his retaliation claim against Defendant Shadwick. His retaliation claim against Shadwick individually must be dismissed for lack of personal jurisdiction. As set forth in the R&R, Defendant Shadwick is not a resident of Rhode Island, and Plaintiff's allegations show no demonstrable nexus between his claims and any Rhode Island-based activities by Shadwick, and no action by Shadwick directed towards Rhode Island. See Harlow v. Children's Hosp., 432 F.3d 50, 61-62 (1st Cir. 2005) ("[T]he defendant must have purposefully availed [himself] of the forum state, and . . . the forum-based activity [must] be truly related to the cause of action."). Moreover, this Court lacks subject matter jurisdiction over any claim made against Shadwick in his official capacity, because Plaintiff has not alleged that he has exhausted his administrative remedies. See 28 U.S.C. § 2675; Barrett ex rel. Estate of Barrett v. United States, 462 F.3d 28, 36-38 (1st Cir. 2006). Thus, as the R&R explains, all of Plaintiff's Federal Tort Claims Act allegations, including his retaliation claim, must be dismissed without prejudice. Contrary to Plaintiff's objection, given these jurisdictional defects, this Court need not further assess the plausibility of Plaintiff's retaliation claim.

Finally, Plaintiff's objection to the R&R's finding that Defendant Shadwick is entitled to qualified immunity does not prevent dismissal of Plaintiff's retaliation claims against Shadwick in his individual capacity. Plaintiff's objection states that he is willing to accept equitable relief rather than monetary damages, thus removing the barrier qualified immunity would present to his claims against Shadwick. However, even if this claim for equitable relief were properly before the Court, this Court lacks personal jurisdiction over Defendant Shadwick, as previously discussed. Moreover, as the Federal Defendants point out in their opposition to Plaintiff's objection, the equitable relief Plaintiff seeks, a request for a downward departure by the U.S. Attorney's Office, is not within Shadwick's ability to provide.

For the foregoing reasons, the R&R is ADOPTED pursuant to 28 U.S.C. § 636(b)(1), Plaintiff's objections are OVERRULED, Defendants' motions to dismiss are GRANTED, and Plaintiff's Amended Complaint is DISMISSED.

IT IS SO ORDERED.

/s/ W. E. Smith
William E. Smith
Chief Judge
Date: April 30, 2015